UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BENJAMIN K. NG,

                    Petitioner,

     v.

JASON BENNETT,

                    Respondent.

CASE NO. 2:24-cv-0717-JHC-DWC

REPORT AND RECOMMENDATION

Noting Date: July 31, 2024

       The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Benjamin K. Ng, proceeding *pro se*, filed a motion to proceed *in forma pauperis* ("IFP") (Dkt. 1), a proposed federal habeas petition (Dkt. 1-1), and other proposed motions and requests (Dkts. 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8). On June 14, 2024, the Court ordered Petitioner to show cause on or before July 15, 2024, why his proposed Petition should not be dismissed as time barred ("Show Cause Order"). Dkt. 4. As Petitioner has failed to show cause by the court-imposed deadline, the undersigned finds the proposed Petition is untimely under 28 U.S.C. § 2244(d)(1) and no equitable tolling principles apply. Therefore, the undersigned declines to order service upon Respondent and, instead, recommends the time-

barred proposed Petition be dismissed with prejudice under Rule 4 of the Rules Governing §
2254 cases ("Habeas Rules"). It is further recommended Petitioner's IFP motion and all
proposed filings be denied as moot.

### I.    Background

The Court previously summarized the background in this action as follows:

> Petitioner is currently incarcerated at Stafford Creek Corrections Center,
> where he is serving a sentence of confinement arising out of a jury conviction
> entered by the Superior Court of Washington for King County for multiple counts
> of aggravated murder and one count of first-degree assault. Dkt. 1-1; *State of
> Washington v. Benjamin Kin Ng*, Superior Court of Washington for King County
> Case No. 83-1-00504-0 (judgment entered October 25, 1983), *docket available at
> https://dja-prd-ecexap1.kingcounty.gov/* (last accessed June 11, 2024); *State of
> Washington v. Benjamin Kin Ng*, 104 Wash. 2d 763, 769, 713 P.2d 63, 66 (1985),
> *opinion available at* Washington State Judicial Opinions Public Access Website
> (last accessed June 11, 2024).

> Although Petitioner indicates he did not file a direct appeal of his state-court
> conviction (Dkt. 1-1 at 2), a review of public records shows he did. *State of
> Washington v. Benjamin Kin Ng*, 104 Wash. 2d 763, 769, 713 P.2d 63, 66 (1985),
> *opinion available at* Washington State Judicial Opinions Public Access Website
> (last accessed June 11, 2024). The Supreme Court of Washington denied
> Petitioner's direct appeal and affirmed his conviction on December 5, 1985. *Id.*

> Nearly four decades later, Petitioner filed the instant action seeking federal
> habeas relief on his state-court conviction and sentence. *See* Dkts. 1, 1-1. Petitioner
> represents he has not filed any other petition, application, or motion about the issues
> raised in this action. Dkt. 1-1 at 2–6.

Dkt. 4 at 2 (footnote omitted). After screening the proposed Petition, the Court concluded it was
likely time barred and ordered Petitioner to show cause why this action should not be dismissed
under 8 U.S.C. § 2244(d)(1). *Id.* at 3–4. The deadline to show cause has now passed with no
response filed by Petitioner.

### II.    Standard of Review

Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review
of all habeas petitions. The Rule specifically directs the Court to dismiss a habeas petition before

the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

## III. Discussion

### A. The proposed Petition cannot proceed under 28 U.S.C. § 2241.

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Although Petitioner indicates he is filing a § 2241 petition and uses the standard form for such petitions, he is currently confined pursuant to a state-court judgment of conviction. Dkt. 1-1; *State of Washington v. Benjamin Kin Ng*, Superior Court of Washington for King County Case No. 83-1-00504-0 (judgment entered October 25, 1983). Therefore, 28 U.S.C. § 2254 is the only appropriate vehicle for challenging his confinement, and his arguments to the contrary are unavailing. Thus, the Court construes the proposed Petition as one filed pursuant to 28 U.S.C. § 2254.

### B. The proposed Petition is time-barred.

Next, the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's state-

court conviction became final before AEDPA was passed, the one-year limitations period for his

federal habeas petition began to run on April 25, 1996—the day after AEDPA was enacted.

*Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002). In his proposed Petition, Petitioner

indicates he did not seek collateral review of his sentence or conviction in state court such that he

would be entitled to statutory tolling. Dkt. 1-1 at 5. Thus, the limitations period ran without

interruption until it elapsed on April 24, 1997. Petitioner signed his proposed Petition on May 23,

2024, more than two-and-a-half decades after the limitations period expired. *Id.* at 8.

As Petitioner has not filed a response to the Court's Show Cause Order, he has failed to

demonstrate the existence of extraordinary circumstances that would toll AEDPA's limitations

period and excuse the late filing of his proposed Petition. *See Holland v. Florida*, 560 U.S. 631

(2010). Because Petitioner has not shown he is entitled to equitable tolling or otherwise

responded to the Court's Show Cause Order, the undersigned finds his proposed Petition is time-

barred and should be dismissed.

### C.    An evidentiary hearing and a certificate of appealability should be denied.

The undersigned finds it is not necessary to hold an evidentiary hearing in this case

because this action may be resolved on the face of the proposed Petition and upon review of

public records subject to judicial notice. *Schriro v. Landrigan*, 550 U.S. 465 (2007).

Finally, no reasonable jurist would disagree with the above evaluation of the timeliness of

the proposed Petition or conclude that the issues presented in the proposed Petition should

proceed further. *See* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Therefore,

the undersigned also finds Petitioner is not entitled to a certificate of appealability.

### IV.    Conclusion

For the reasons outlined above, Petitioner is not entitled habeas relief as his proposed

Petition is untimely and no equitable tolling principles apply. Thus, in accordance with Rule 4 of

the Habeas Rules, the undersigned declines to direct a response from Respondent and, instead, recommends the time-barred proposed Petition (Dkt. 1-1) be dismissed with prejudice. It is further recommended Petitioner's IFP motion (Dkt. 1) and all proposed filings (Dkts. 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8) be denied as moot. Finally, the undersigned finds no evidentiary hearing is required and recommends that no certificate of appealability shall issue.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 31, 2024, as noted in the caption.

Dated this 17th day of July, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5