UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN K. NG,<br><br>                    Petitioner,<br><br>        v.<br><br>JASON BENNETT,<br><br>                    Respondent. | CASE NO. 2:24-cv-00717-JHC<br><br>ORDER DENYING MOTIONS & NOTICE OF INTENT TO ENTER BAR ORDER AGAINST VEXATIOUS LITIGANT & ORDER TO SHOW CAUSE |

Before the Court is Petitioner's *seventh* Motion for Relief from Judgment. Dkt. # 50; *see* Dkt. ## 19, 29, 36, 40, 44, 47 (previous motions for relief from judgment). For the reasons below, the Court DENIES the motion, DENIES additional previous motions, and ORDERS Petitioner to SHOW CAUSE why a vexatious litigant bar order should not be issued.

### *The Judgment*

Nearly *four decades* after the Supreme Court of Washington affirmed Petitioner's conviction, he filed this action seeking federal habeas relief on that conviction and sentence. Dkt. # 6 at 2. On August 14, 2024, the Court adopted the Report and Recommendation (R&R) of Magistrate Judge David W. Christel (Dkt. # 6) and dismissed this matter with prejudice as

time-barred. Dkt. # 14. The Court entered Judgment on this ruling. Dkt. # 15. And presumably, all of Petitioner's motions for relief from judgment relate to that judgment.

### *The Present Motion*

As before, the present motion is a form fill-in-the-blank style motion that patently lacks merit. Dkt. # 50. It argues that the Court failed to conduct de novo review of a "Motion for Request for Records." *Id.* But Petitioner does not specify any ruling on such a motion. To the extent Petitioner is referring to his Objections to the R&R, Dkt. # 11, the Court did conduct a de novo review, Dkt. # 20. Nor does Petitioner explain how any such records would cause the Court to question the clear time bar. The motion provides no basis to support its assertion that the judgment is void under Federal Rule of Civil Procedure 60(b)(4).

### *The Six Previous Motions*

Previously, Petitioner filed six form fill-in-the-blank style motions that similarly lack merit.

The Court construed the motion at Dkt. # 19 as arguing that the Court failed to conduct a de novo review in connection with the R&R. But the Court did conduct a de novo review, and thus denied that motion. Dkt. # 20.

The Court struck the motions at Dkt. ## 29, 36, 40, but upon further review, finds it more appropriate to deny them instead. So, the Court *sua sponte* reconsiders those motions, vacates the order at Dkt. # 42, and denies the motions for the following reasons:

- The motion at Dkt. # 29 argues that the Court "failed to conduct de novo review of MOTION FOR EVIDENTIARY HEARING." But the Court did review this issue de novo. The motion provides no basis to support its assertion that the judgment is void under Rule 60(b)(4).

- The motion at Dkt. # 36 argues that the Court "failed to conduct de novo review of the "OBJECTION, Recharacterizing a 28 U.S.C. § 2241 as a 28 U.S.C. § 2254." But the Court did review de novo the issues raised in Petitioner's objections. The motion provides no basis to support its assertion that the judgment is void under Rule 60(b)(4).

- The motion at Dkt. # 40 argues that the Court asserted "a procedural defense not made by the respondent." Petitioner raised this issue in his Objections. Dkt. # 11. This argument is inapt. The Court declined to order service of the petition on the Respondent. Dkt. ## 6, 14. So, Respondent did not assert any defenses. Petitioner presents no authority to support the assertion that the Court could not raise the time bar issue—and the petition is clearly time barred. The motion provides no basis to support its assertion that the judgment is void under Rule 60(b)(4).

Likewise, the Court *sua sponte* reconsiders the motions at Dkt. ## 44 and 47, vacates the orders at Dkt. ## 45 and 49, and denies those motions for the following reasons:

- The motion at Dkt. # 44 seems to relate to Petitioner's request for an evidentiary hearing, which was properly rejected. The motion provides no basis to support its assertion that the judgment is void under Rule 60(b)(4).

- The motion at Dkt. # 47 argues that the Court failed "to conduct a de novo review of Petitioner's <u>Motion Order Response</u>." But Petitioner does not specify any ruling on such a motion. Nor does Petitioner explain how any such response by Respondent would cause the Court to question the clear time bar. The motion provides no basis to support its assertion that the judgment is void under Rule 60(b)(4).

ORDER DENYING MOTIONS & NOTICE OF INTENT
TO ENTER BAR ORDER AGAINST VEXATIOUS
LITIGANT & ORDER TO SHOW CAUSE - 3

### *Vexatious Litigant*

In its Order at Dkt. # 49 denying the sixth motion for relief from judgment, the Court warned that if Petitioner filed another such motion, the Court may enter a notice of intent to enter a bar order. And Petitioner filed another such motion. Dkt. # 50.

The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) ("Under the power of 28 U.S.C. § 1651(a), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take."). Although such orders should be used sparingly, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

In the Ninth Circuit, a vexatious litigant order may be entered when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is an adequate record for review, (3) the litigant's actions are frivolous or harassing, and (4) the vexatious litigant order is "narrowly tailored to closely fit the specific vice encountered." *Id.* at 1147–48; *Molski*, 500 F.3d at 1057.

Here, in a relatively short period of time, Petitioner has filed seven motions for relief from judgment, all of which patently lack any merit. All of the motions are form, fill-in-the-blank style motions. They are borderline frivolous and have consumed judicial time that could have been used to consider the meritorious claims of other litigants.

The Court now ORDERS Petitioner to SHOW CAUSE why a vexatious litigant bar order should not be issued. Such a bar order would the DIRECT the Clerk to strike any new motions by Petitioner in this matter as this case is now closed. Petitioner's Response is due no later than

ORDER DENYING MOTIONS & NOTICE OF INTENT
TO ENTER BAR ORDER AGAINST VEXATIOUS
LITIGANT & ORDER TO SHOW CAUSE - 4

21 days from the date of this Order and may not exceed 10 pages.  No attachments are permitted.

Failure to file a response will result in the issuance of the bar order.

      Dated this 21st day of November, 2024.

*John H. Chun*
John H. Chun
United States District Judge

ORDER DENYING MOTIONS & NOTICE OF INTENT
TO ENTER BAR ORDER AGAINST VEXATIOUS
LITIGANT & ORDER TO SHOW CAUSE - 5